UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

7TH CIRCUT

FILED/REC'D
2026 JAN -8 A 8: 58
CLERK OF COURT
U.S. DISTRICT COURT
W D OF WI

| | |
|---|---|
| Gary R. Lehn Sr.<br><br>    Plaintiff,<br><br>v.<br><br>    Defendants,<br><br>Officer John Reigel in his individual capacity, Officer Jayden Olson in his individual capacity, Officer Brandon Kuhn in his individual capacity, Lindsey Harvey-Stoughtenger in her individual capacity, John Doe 1-5 in their individual capacities | Case No.: 26 CV 017 JDP<br><br>Complaint<br>Violations of Civil Rights<br><br>42 U.S.C. § 1983- John Doe Placeholder Complaint filed to preserve Statute of Limitations<br><br>AMOUNT PRAYED FOR: 2,500,000 |

PLAINTIFF, appearing pro se, brings this COMPLAINT against the Defendants and alleges as follows:

    I.    JURISDICTION and VENUE:

        1.  This action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

        2.  The Court has original jurisdiction under 28 U.S.C. §§ 131 and 1343.

        3.  Venue is proper in this District under 28 U.S.C. §1391 (b) because events occurred in Monroe County, Wisconsin.

    II.    Parties

        4.  Plaintiff

           Gary R. Lehn Sr.

W 5179 Sunset Drive Merrill, WI 54452

5. Defendants:

The following individuals acted under color of law:

- Officer John Reigel in his individual capacity
- Officer Jayden Olson in his individual capacity
- Officer Brandon Kuhn in his individual capacity
- Officer Lindsey Harvey-Stoughtenger in her individual capacity
- John Doe Officers 1-5 in their individual capacities

6. John Does 1-5

Unknown individuals whose identities are not yet confirmed, including persons involved in evidence handling, Axon system access, Body Worn Camera muting, and supervisor approval.

7. Plaintiff will amend this complaint under Fed. R. Civ. P. 15 once the rue indenties of the Doe defendants are discovered.

III. Statement of Facts

8. On or about January 12th, 2023, Plaintiff was involved in an encounter with Tomah, WI Police Depatment personnel, documented as incident No. 23-0061.

9. During the encounter, Defendants engaged in unconstitutional conduct Including

   A. Unlawful seizure
   B. Improper muting of body-worn cameras
   C. Failure to document BWC muting
   D. Mishandling of Axon digital evidence
   E. Delayed upload of BWC footage
   F. Missing metadata and audit gaps
   G. Unauthorized streaming and review of evidence
   H. Withholding exculpatory evidence

10. Plaintiff repeatedly notified City Attorney Penny J. Procour and District Attorney Kevin Croninger of evidence discrepancies, tampering indicators, and policy violations

**COMPLAINT**, page 2 of 4

11. Both prosecutors failed to investigate, verify evidence through the Axon Justice Portal, or disclose exculpatory material.

12. Plaintiff suffered physical, emotional, and finical harm as a result of Defendant's actions and omissions.

13. Plaintiff files this action to preserve the statute of limitations while continuing to identify additional responsible parties and obtain complete evidence.

IV. Claims for Relief

Count I – Fourth Amendment

Unreasonable Seizure 42 U.S.C. § 1983

14. Plaintiff incorporates all proceeding paragraphs.

15. Defendants Reigel, Olson, Kuhn, Harvey-Stoughtenger violated the Plaintiff's Fourth Admendment rights by:

- The stop was based on a subjective opinion not on any articulable facts
- Unreasonable search and seizure
- Body-worn camera mutation that prevented a complete record of event, caused by deliberate button pressing
- Termination of a recording without proper notation being documented
- Discrepancies between log times and arrival times per video timestamps
- The officers detained me without legal justification

Count II – Fourteenth Amendment

Due Process – Evidence Tampering / Withholding Exculpatory Material

16. Plaintiff incorporates all proceeding paragraphs

17. Defendants John Doe 1-5, including City of Tomah Attorney Penny Procour and District Attorney Kevin Croninger violated Plaintiff's due process rights by:

- Failing to act within the guidelines of the Wisconsin Constitution Article I 9m(1)(o), 9m(4)
- Withholding exculpatory evidence
- Failing to review Axon "parent" video evidence through the Axon Justice Portal
- Failing to interview a key eyewitness to the event

- Unwarranted time delays in handling Axon digital evidence

Count III – Failure to intervein

18. Plaintiff incorporates all proceeding paragraphs

19. One or more Defendants had the ability and opportunity to prevent constitutional violations but failed to do so

V. Injuries and Damages

20. As a direct result of Defendant's actions, Plaintiff suffered:
    - Physical injury
    - Emotional distress
    - Financial losses
    - Medical expenses
    - Other damages

IV. Prayer for Relief Requested

Plaintiff respectfully requests:

A. Leave to amend this complaint as identities and facts are confirmed.

B. Compensatory damages in the amount of $ 1,125,000

C. Punitive damages in the amount of $1,250,000

D. Costs and fees allow

VI. Jury Demand

Plaintiff demands a jury trial on all issues so triable

VII. Signature

Respectfully submitted  *[signature]* 1/8/26