IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY R. LEHN, SR.,

                    Plaintiff,

    v.

JOHN REIGEL, JAYDEN OLSON,                         ORDER
BRANDON KUHN, LINDSEY HARVEY-
STOUGHTENGER, CODY PAULSON,             26-cv-17-jdp
JARROD FURLANO, ERIC PEDERSEN,
RHONDA CULPITT, JOHN DOES 1–10,
and CITY OF TOMAH,[1]

                    Defendants.

---

Gary R. Lehn, Sr., proceeding without counsel, alleges that City of Tomah officials violated his rights during a traffic stop. This order concerns a series of motions filed by Lehn.

ANALYSIS

**A.  Motion to amend complaint**

Lehn moves to again amend his complaint, this time removing various claims without adding any defendants.[2] Dkt. 61. Under Federal Rule of Civil Procedure 15(a)(2), the court freely gives leave to amend a complaint when justice so requires. Lehn meets that standard here so I will grant his request, and his newest complaint, Dkt. 53-1, is the new operative pleading. But Lehn has now amended his complaint multiple times; complaints cannot be a moving

---

[1] I have amended the caption to reflect the proper spelling of defendants' names as provided in their submissions.

[2] Lehn calls this complaint his fourth amended complaint, but by my count this is his third amended complaint and fourth complaint overall.

target, constantly changing throughout the lawsuit. Should Lehn again move to amend his complaint, he will need to explain in detail why he waited until that point to seek further amendment and why the interests of justice are served by him amending his complaint yet again.

## B.  Motion to disqualify city attorney

Lehn moves to disqualify Tomah's city attorney from representing defendants, contending that there would be a conflict of interest. Dkt. 22. I will deny this motion as moot because defendants already appear by different counsel.

## C.  Motion for accommodations

Lehn moves for accommodations from the court given his medical issues such as anxiety and cognitive dysfunction. Dkt. 28. He asks for leniency on deadlines, the use of plain language in court communications, and "[p]ermission to work closely with Clerk's Office to ensure technical filing errors are corrected without prejudice." *Id.* I will deny this motion as unnecessary. The court strives to provide all unrepresented litigants easy-to-understand guidance in its communications and it works with litigants to avoid filing errors. That said, I cannot pre-rule that Lehn will be unaccountable for any filing problems later, or make a blanket ruling about leniency on deadlines. Nothing in Lehn's filings thus far suggest that he will be unable to litigate this case similarly to the hundreds of unrepresented plaintiffs who litigate cases in this court every year. Should Lehn encounter a specific problem meeting a deadline or with filings certain submissions, he may ask the court for relief then, explaining how his disabilities contributed to the problem.

### D. Recruitment of counsel

Lehn moves for the court's assistance in recruiting him counsel. Dkt. 65. Generally, to show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

First, a plaintiff must show that he is unable to afford counsel. Lehn prepaid the full filing fee for this case, but he later filed a motion for in forma pauperis status stating that he is indigent. Dkt. 63. Based on the financial information that he submitted, I conclude that he qualifies for in forma pauperis status and that he is unable to afford a lawyer on his own. So Lehn meets this requirement.

Second, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Lehn states that he has contacted several law firms and that none of them have agreed to represent him. I conclude that Lehn meets this requirement.

Third, the plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring). Lehn doesn't meet this requirement. Lehn's indigence alone isn't enough to suggest that he will be unable to litigate the lawsuit; hundreds of indigent plaintiffs

are able to litigate cases in this court each year. He states that this case will involve complex legal issues, and I take his request for accommodations to mean that he will have difficulties litigating this case because of his disabilities. But Lehn has filed many motions in this case thus far, and nothing in his submissions persuades me that his thinking or writing abilities are below those of the average unrepresented plaintiff in this court. I will deny Lehn's motion for recruitment of counsel without prejudice. If he continues to believe that he is unable to litigate the lawsuit himself as the case progresses, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

### E.  Service

Most of the named defendants have been served. Lehn submits a copy of his process server's inability to serve defendant Reigel, Dkt. 51. He does not include any information about the attempts to serve defendant Eric Pedersen, so I assume that those efforts have also failed. Lehn has filed a variety of motions seeking extension of the service deadline and approval of an alternative address at which to serve these defendants given the city's refusal to share defendants' residences. Dkt. 24; Dkt. 29; Dkt. 33; Dkt. 49. Lehn has shown good cause to extend his service deadline. Given Lehn's current financial status, I will direct the United States Marshal to serve Reigel and Pedersen with the current operative complaint.

But regardless whether service is ultimately accomplished, at the court's upcoming preliminary pretrial conference a briefing schedule will be set on defendants' motion to dismiss, Dkt. 54, which relies on legal issues unrelated to the specific claims against each individual defendant.

4

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for leave to amend his complaint, Dkt. 61, is GRANTED. Plaintiff's complaint at Dkt. 53-1 is now the operative pleading.

2. Plaintiff's motion to disqualify the Tomah city attorney, Dkt. 22, is DENIED as moot.

3. Plaintiff's motion for accommodations, Dkt. 28, is DENIED as unnecessary.

4. Plaintiff's motion for in forma pauperis status, Dkt. 63, is GRANTED.

5. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 65, is DENIED without prejudice.

6. Plaintiff's first motion for extension of time to serve defendants Reigel and Pedersen, Dkt. 24, is GRANTED. His following motions, Dkt. 29; Dkt. 33; Dkt. 49, are DENIED as moot.

7. The clerk of court is directed to ensure that the United States Marshals Service serves defendants Reigel and Pedersen with a summons and plaintiff's current operative complaint, Dkt. 53-1.

8. Plaintiff's motion for rulings on his motions, Dkt. 37, is DENIED as moot.

9. Plaintiffs motion to stay proceedings pending court rulings, Dkt. 67, is DENIED as moot.

Entered June 4, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge